AUVRAY, Plaintiff in Error, *vs.* THE STEAMBOAT PAWNEE, Defendant in Error.

1. Where a boat is seized, and bond is given under the ninth section of the act concerning boats and vessels, (R. C. 1845,) the lien is discharged, and the party cannot, after the boat has been sold, present his demand for allowance against the proceeds.

### Error to St. Louis Circuit Court.

*A. J. & P. B. Garesché*, for plaintiff in error.
*Krum & Harding*, for defendant in error.

GAMBLE, Judge, delivered the opinion of the court.

The steamer Pawnee having been sold under the eleventh section of the act concerning boats and vessels, and the court proceeding under the subsequent sections to hear and allow the claims of creditors of the boat, the plaintiff, Auvray, exhibited his demand, which was opposed by other creditors and rejected. From this decision, he appealed to this court.

It appears that he had, before the sale of the boat, commenced a suit upon his demand, and had seized the boat, and that bond and security had been given by an owner of the boat under the ninth section of the act which, under that section, had the effect of discharging the boat " from the lien of the plaintiff's demand."

1. When a boat is sold under the eleventh section of the act, the court ordering the sale is required to appoint a time at which all creditors of the boat, *having a lien upon the same*, shall appear and exhibit their demand. Sec. 14. By section 16, when the claims against a boat are decided, those that are allowed shall be classed *according to the order of liens*, as in the act prescribed.

After the plaintiff had seized the boat and bond was given under the ninth section, he could not have judgment against the

boat, but the judgment must be against the principal and security in the bond. It is perfectly obvious, that the plaintiff had no lien upon the boat when it was sold, and consequently had no right to come in for a share of the proceeds of such sale. He had his security in the bond which had been taken, and in which the other creditors had no share. The court, in adjusting demands, was expressly confined to such claims as were liens upon the boat when it was sold.

The judgment of the Circuit Court is, with the concurrence of the other judges, affirmed.